UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EILEEN E. NUTT,

                           Plaintiff,

v.                                                 5:12-CV-0385
                                                          (GTS/TWD)

NEW YORK STATE; STATE UNIV. OF
NEW YORK; and UPSTATE MED. UNIV.,

                           Defendants.
_____

APPEARANCES:

EILEEN E. NUTT
  Plaintiff, *Pro Se*
124 Germaine Avenue
Syracuse, New York 13219

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* employment civil rights action filed by Eileen E. Nutt ("Plaintiff") against the three above-captioned entities ("Defendants"), is the Report-Recommendation of United States Magistrate Judge Therese Wiley Dancks recommending that Plaintiff's Complaint be *sua sponte* dismissed with leave to amend. No objections have been filed and the deadline by which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

**I.	RELEVANT BACKGROUND**

Generally, liberally construed, Plaintiff's Complaint asserts the following three claims against Defendants arising from her employment Upstate Medical University Hospital between approximately August 15, 2008, and July 19, 2011: (1) a claim of disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) a claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); and (3) a claim of gender discrimination in violation of Title VII.  (*See generally* Dkt. No. 1.)   Familiarity with the factual allegations supporting these claims (which are accurately summarized in Part I of Magistrate Judge Dancks' Report-Recommendation) is assumed in this Decision and Order, which is intended primarily for the review of the parties.

Generally, in her Report-Recommendation, Magistrate Judge Dancks bases her recommendation of dismissal (with leave to amend) on the following four findings: (1) because the doctrine of sovereign immunity under Eleventh Amendment protects Defendants from liability on Plaintiff's claims under the ADA and ADEA, Plaintiff's only recourse under the circumstances is to sue one or more state officials in their official capacity for prospective, injunctive relief (which she has not done); (2) in addition to being flawed due to the above-described immunity issue, Plaintiff's claim under the ADEA is flawed because Plaintiff does not allege how old she is now or how old she was during the relevant time period; (3) any Title VII claim that Plaintiff is attempting to assert under a discrimination theory of liability is flawed because Plaintiff fails to allege facts plausibly suggesting the fourth element of that claim (i.e., that the adverse action occurred under circumstances giving rise to an inference of discrimination); and (4) any Title VII claim that Plaintiff is attempting to assert under a

harassment (or hostile-work-environment) theory of liability is flawed because Plaintiff fails to allege facts plausibly suggesting either the first or third elements of that claim (i.e., that the complained-of conduct creates an environment that a reasonable person would find hostile or abusive, and that the complained-of conduct creates such an environment because of the plaintiff's sex).  (Dkt. No. 3, at Part IV.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

Because Plaintiff did not submit an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described in Section II of this Decision and Order.  After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation.  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 3)  As a result, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  (*Id.*)  The Court would add only that Magistrate Judge Dancks' thorough and correct Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 3) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**, and this action closed, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff submits an Amended Complaint that complies with the recommendations made in Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 3); and it is further

**ORDERED** that, in the event that Plaintiff files an Amended Complaint within thirty (30) days from the date of this Decision and Order, the Clerk of the Court is directed to return the file to Magistrate Judge Dancks for further review.

Dated: September 12, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge